[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 97-5029

_____

D. C. Docket Nos. 93-8049-cr-JAG
96-8593-cv-JAG



FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
09/10/98
THOMAS K. KAHN
CLERK

JOHN DAVID JONES,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(September 10, 1998)**

Before HATCHETT, Chief Judge, BLACK, Circuit Judge, and KRAVITCH,
Senior Circuit Judge.

BLACK, Circuit Judge:

In July 1994, Appellant John David Jones pled guilty to one count of possessing

cocaine with the intent to distribute it, in violation of 21 U.S.C. § 841(a)(1), and one

count of using and carrying one or more firearms during and in relation to a drug

trafficking offense, in violation of 18 U.S.C. § 924(c).  Appellant did not file a direct

appeal.  After the Supreme Court issued its decision in *Bailey v. United States*, 516

U.S. 137, 116 S. Ct. 501 (1995), Appellant filed a § 2255 petition, seeking relief with

respect to his 18 U.S.C. § 924(c) conviction.  The district court denied the petition and

Appellant filed this appeal.  We hold that Appellant procedurally defaulted his claims

by failing to raise them on direct appeal, but remand for a hearing on the issue of

whether Appellant is actually innocent of the § 924(c) charge and therefore can avoid

the procedural bar.

## I.  BACKGROUND

On March 16, 1993, police officers obtained a warrant to search Appellant's

residence.  Later that day, officers stopped Appellant as he was driving away from his

residence.[1]  The police then brought Appellant back to the house and executed the

search warrant.  The officers found 210.88 grams of crack cocaine, 314.36 grams of

powder cocaine, $154,506 in cash, a number of handguns, a rifle, and a shotgun.

Appellant was indicted on three counts:  Count I charged possession of cocaine

with the intent to distribute it, in violation of 21 U.S.C. § 841(a)(1); Count II charged

knowingly using and carrying one or more firearms during and in relation to the drug

---

[1] The Government contends that the police found a semi-automatic handgun in Appellant's car.  Appellant contested that alleged fact at oral argument.  The district court will have to address this and other factual disputes on remand.

felony set forth in Count I, in violation of 18 U.S.C. § 924(c); and Count III charged illegal possession of firearms by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). A superseding indictment added a criminal forfeiture count, but left the first three counts unchanged. On July 20, 1994, Appellant pled guilty to Counts I and II of the superseding indictment. On April 28, 1995, Appellant was sentenced to 262 months' incarceration on Count I and 60 months' incarceration on Count II, to run consecutively. The district court also imposed five years' supervised release and ordered Appellant to pay $200 in special assessments. Appellant did not challenge his convictions on direct appeal.

On December 6, 1995, the Supreme Court issued its opinion in *Bailey v. United States*, in which it defined "use" under 18 U.S.C. § 924(c) more narrowly than this Court had defined that term at the time of Appellant's plea. 516 U.S. at 150, 116 S. Ct. at 509. On August 20, 1996, Appellant moved pursuant to 28 U.S.C. § 2255 to vacate his § 924(c) conviction, contending that the evidence does not support the conviction and that his plea was not voluntary. He further asserted that his plea and his failure to take a direct appeal do not bar him from challenging his conviction in a § 2255 petition because he can establish cause and prejudice and because he is actually innocent. Without holding a hearing, the district court denied the petition. Appellant filed this appeal.

## II. ANALYSIS

The issue we address in this case is whether Appellant's failure to challenge his § 924(c) conviction on direct appeal bars him from doing so in a § 2255 petition. At oral argument, the parties agreed that the Supreme Court's decision in *Bousley v. United States*, __ U.S. __, 118 S. Ct. 1604 (1998), resolves the issue and that this case should be remanded for a hearing on whether Appellant is actually innocent of the § 924(c) charge and therefore can avoid the procedural bar to his claims. We agree.

The facts in *Bousley* closely resemble the facts in this case. In *Bousley*, the Supreme Court addressed the issue of whether a petitioner who pled guilty in 1990 to a § 924(c) charge, and did not contest the validity of his plea on direct appeal, was barred from seeking relief from his plea under the Supreme Court's decision in *Bailey*.[2] The Court began by stating that petitioner's plea would not be valid if neither he, his counsel, nor the court correctly understood the elements of the § 924(c) charge. *Id.* at __, 118 S. Ct. at 1609. The Court explained, however, that the petitioner had procedurally defaulted his claim by failing to raise it on direct appeal. *Id.* at __, 118

---

[2] The petitioner in *Bousley* filed his § 2255 petition before the Supreme Court issued its decision in *Bailey*. He claimed that there was an insufficient factual basis for his guilty plea. The district court ordered that the petition be dismissed and he filed an appeal. While the appeal was pending, the Supreme Court issued its decision in *Bailey*. Before the Court of Appeals, the petitioner argued that his plea was involuntary because he was misinformed as to the elements of § 924(c) and that he did not waive the claim by pleading guilty. The Court of Appeals affirmed the district court's dismissal of the petition. *Bousley*, __ U.S. at __, 118 S. Ct. at 1608 (citation omitted).

4

S. Ct. at 1610. Petitioner could avoid the procedural bar by showing either "cause and actual prejudice or that he is actually innocent." *Id.* at __, 118 S. Ct. at 1611 (internal quotations and citations omitted).

Applying *Bousley* to this case, Appellant has procedurally defaulted his claims and can raise them in a § 2255 petition only if he shows cause and actual prejudice or actual innocence. Reading Appellant's brief broadly, Appellant argues that he satisfies the cause and actual prejudice standard because (1) no one had any idea that "use" under § 924(c) would be radically redefined by the Supreme Court in *Bailey*, and (2) it would have been futile to raise his arguments on direct appeal based on this Circuit's precedent at the time of his guilty plea. The Supreme Court squarely rejected both of these arguments in *Bousley*. *Id.* at __, 118 S. Ct. at 1611. In addressing the first argument, the Supreme Court observed that "the Federal Reporters were replete with cases involving challenges to the notion that 'use' is synonymous with mere 'possession.'" *Id.* (citation omitted). The Court held that "[e]ven were we to conclude that petitioner's counsel was unaware at the time that petitioner's plea colloquy was constitutionally deficient, where the basis of a claim is available, and other defense counsel have perceived and litigated that claim, the demands of comity and finality counsel against labeling alleged unawareness of the objection as cause for a procedural default." *Id.* at __, 118 S. Ct. at 1611 n.2 (internal punctuation and

5

citation omitted). As to the second argument, the Supreme Court explained that "futility cannot constitute cause if it means simply that a claim was unacceptable to that particular court at that particular time." *Id.* at __, 118 S. Ct. at 1611 (quoting *Engle v. Isaac*, 456 U.S. 107, 130 n.35, 102 S. Ct. 1558, 1573 n.35 (1982)) (internal quotations omitted). We therefore must conclude that the reasons proffered by Appellant do not establish cause for his failure to challenge his § 924(c) conviction on direct appeal.

Appellant may still be able to avoid the procedural bar if he can show that the alleged error "has probably resulted in the conviction of one who is actually innocent." *Id.* (quoting *Murray v. Carrier*, 477 U.S. 478, 496, 106 S. Ct. 2639, 2649 (1986)) (internal quotations omitted). "[A]ctual innocence means factual innocence, not mere legal insufficiency." *Id.* (internal quotations and citation omitted). Accordingly, Appellant must establish that "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Id.* (internal quotations and citation omitted).

The district court did not address Appellant's actual innocence claim and the present record does not clearly resolve the issue. We therefore remand for the district court to hold a hearing to determine the validity of Appellant's actual innocence claim. The Government will be permitted to introduce admissible evidence at the

6

hearing beyond the evidence it presented at the plea colloquy. *Id.* at __, 118 S. Ct. at 1611-12. Moreover, in assessing Appellant's claim of actual innocence, the district court should heed the Supreme Court's instruction that "[i]n cases where the Government has foregone more serious charges in the course of plea bargaining, petitioner's showing of actual innocence must also extend to those charges." *Id.* at __, 118 S. Ct. at 1612. If Appellant satisfies the requirements for showing actual innocence, "he will then be entitled to have his defaulted claim[s] . . . considered on [their] merits." *Id.* at __, 118 S. Ct. at 1612.

## III. CONCLUSION

Although Appellant cannot avoid the procedural bar to his challenge to his § 924(c) conviction under the cause and actual prejudice standard, the record is insufficient for us to determine whether he can avoid the bar under the actual innocence standard. Accordingly, we remand the case for the district court to hold a hearing to determine whether Appellant is actually innocent of the § 924(c) charge and therefore can avoid the procedural bar.

VACATED and REMANDED.