[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 28, 2011
JOHN LEY
CLERK

No. 10-11128
Non-Argument Calendar

_____

D.C. Docket Nos. 1:09-cv-20975-PCH &1:06-cr-20449-PCH-1

JOHNNY EDWARD KING,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(March 28, 2011)

Before TJOFLAT, WILSON and FAY, Circuit Judges.

PER CURIAM:

Johnny Edward King, a federal prisoner, appeals the district court's denial of his motion to vacate, set aside, or correct sentence, filed pursuant to 28 U.S.C. § 2255. We granted a certificate of appealability to address the question of whether the district court erred in determining that the actual-innocence exception to the procedural-default rule does not apply to King's claim that his non-capital sentence under the Armed Career Criminal Act of 1984 ("ACCA"), 18 U.S.C. § 924(e)(1), violated his right to due process. King acknowledges that he procedurally defaulted his claim that he was illegally sentenced under the ACCA by failing to raise it on direct appeal, but he contends that the district court's failure to address his claim resulted in a fundamental miscarriage of justice because he was ineligible for, and, therefore, actually innocent of, the ACCA sentence enhancement. He argues that the actual-innocence exception to the procedural-default rule should be extended to apply to challenges to non-capital sentences because death is not different from non-capital sentences for purposes of enforcing *habeas corpus* rules.

"When reviewing the district court's denial of a § 2255 motion, we review findings of fact for clear error and questions of law *de novo*." *Rhode v. United States*, 583 F.3d 1289, 1290 (11th Cir. 2009). A prisoner who fails to raise an issue on direct appeal is procedurally barred from raising that claim in a § 2255

motion, absent a showing of cause and prejudice or a fundamental miscarriage of justice. *Jones v. United States*, 153 F.3d 1305, 1307 (11th Cir. 1998). A petitioner may show a fundamental miscarriage of justice by demonstrating that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Lynn v. United States*, 365 F.3d 1225, 1234 (11th Cir. 2004). The Supreme Court has recognized that a petitioner who is guilty of an offense and sentenced to death can show a fundamental miscarriage of justice by demonstrating that, but for a constitutional error, he is actually innocent of the capital sentence. *See Sawyer v. Whitley*, 505 U.S. 333, 336, 112 S.Ct. 2514, 2517, 120 L.Ed.2d 269 (1992). A petitioner may establish actual innocence in the capital-sentencing context by demonstrating that, "but for a constitutional error, no reasonable juror would have found [him] eligible for the death penalty under the applicable . . . law." *Id.*

In light of the Government's concession on appeal that the actual-innocence exception should be available to petitioners raising procedurally defaulted claims challenging non-capital sentences enhanced under the ACCA, we remand King's case to the district court for a determination of whether King is actually innocent of the ACCA sentence enhancement.

VACATED AND REMANDED.