[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

Nos. 10-13663 & 10-14072
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 8, 2011
JOHN LEY
CLERK

D.C. Docket Nos. 0:05-cr-60065-WPD; 0:10-cv-60498-WPD;
0:05-cr-60065-WPD-1

STEVE PAGE,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee,

_____

Appeals from the United States District Court
for the Southern District of Florida

_____

(September 8, 2011)

Before TJOFLAT, CARNES and BLACK, Circuit Judges.

PER CURIAM:

Steve Page appeals *pro se* from the district court's denial of his 28 U.S.C. § 2255 motion to vacate his sentence. The district court granted a certificate of appealability (COA) on the issue of "whether [Page] should be relieved of his career offender designation and re-sentenced." Page claimed in his § 2255 motion that his below-the-statutory-maximum sentence as a career offender under U.S.S.G. § 4B1.2(a) could not be sustained in light of *Johnson v. United States*, 130 S.Ct. 1265 (2010), because his prior Florida conviction for battery on a law enforcement officer no longer constituted a "crime of violence."[1] We decline to answer the question in the COA, because we conclude Page is procedurally barred from raising his sentencing claim in a § 2255 motion.

A prisoner in federal custody may file a motion to vacate, set aside, or correct his sentence pursuant to § 2255 "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or

---

[1] In *Johnson*, the Supreme Court held that the petitioner's prior conviction for battery under Fla. Stat. § 784.03 did not categorically qualify as a predicate felony for purposes of the Armed Career Criminal Act. *Johnson*, 130 S.Ct. at 1269, 1274. In light of *Johnson*, this Court subsequently held that the fact of a defendant's Florida conviction for battery on a law enforcement officer, standing alone, no longer qualified as a predicate "crime of violence" for purposes of § 4B1.2(a)(1). *United States v. Williams*, 609 F.3d 1168, 1169-70 (11th Cir. 2010).

is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Courts have consistently held, however, that a collateral challenge is not a substitute for direct appeal. *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004). In general, a defendant is required to assert all available claims on direct appeal, and "relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice." *Id.* (quotation marks omitted). "Accordingly, a non-constitutional error that may justify reversal on direct appeal does not generally support a collateral attack on a final judgment unless the error (1) could not have been raised on direct appeal and (2) would, if condoned, result in a complete miscarriage of justice." *Id.* at 1232-33 (internal citation omitted).

Page's claim that his below statutory maximum sentence violates the Sentencing Guidelines, as interpreted post-*Johnson*, is a non-constitutional claim. As such, if this claim could have been raised on direct appeal, Page is procedurally barred from raising it under § 2255. *See id.* at 1233. "A ground of error is usually 'available' on direct appeal when its merits can be reviewed without further factual development." *Id.* at 1232 n.14 (quotation marks omitted).

Page did not challenge his status as a career offender on direct appeal. In fact, Page did not file a direct appeal at all. Page offers no reason why he could not have raised his career offender status on direct appeal. "In procedural default cases, the question is not whether legal developments or new evidence has made a claim easier or better, but whether at the time of the direct appeal the claim was available at all." *Id.* at 1235. Where the basis of a claim is available, and other defense attorneys have recognized and litigated it, unawareness of the objection will not constitute cause to excuse a procedural default. *Jones v. United States*, 153 F.3d 1305, 1307-08 (11th Cir. 1998). Moreover, the fact that this Circuit's precedent may have been adverse to Page's claim does not mean that the appeal was "unavailable." A defendant's belief that his claim would have been futile "cannot constitute cause if it means simply that a claim was unacceptable to that particular court at that particular time." *See Bousley v. United States*, 523 U.S. 614, 623 (1998) (internal citation and quotation marks omitted).

Because Page's status as a career offender is a non-constitutional issue that he could have raised on direct appeal, it is not cognizable on collateral review under § 2255.

**AFFIRMED.**

4