[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-13353
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 21, 2012
JOHN LEY
CLERK

D.C. Docket Nos. 8:04-cr-00602-RAL-TGW-1; 8:10-cv-01139-RAL-TGW


SHANTA TORI RIVERS,

                                                          Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

                                                          Respondent-Appellee.


_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(May 21, 2012)

Before HULL, WILSON, and MARTIN, Circuit Judges.

PER CURIAM:

Shanta Tori Rivers, a federal prisoner serving a sentence of 110 months'

imprisonment for his convictions for possession of a firearm and ammunition, and possession of marijuana, filed a motion to vacate his sentence under 28 U.S.C. § 2255. Rivers premised his § 2255 motion on a claim of actual innocence of the enhancement applied to his sentence pursuant to U.S.S.G § 2K2.1(a)(2). The district court found the claim was procedurally defaulted, but granted a Certificate of Appealability regarding whether the district court erred in denying Rivers's claim of actual innocence.

On appeal Rivers argues the district court erred when it found his claim procedurally defaulted. He claims actual innocence of the U.S.S.G. § 2K2.1(a)(2) enhancement because, in light of *Johnson v. United States*, 130 S. Ct. 1265 (2010), one of his predicate offenses, is no longer a crime of violence. He concedes that under our holding in *McKay v. United States*, 657 F.3d 1190 (11th Cir. 2011) *petition for cert. filed*, No. 11-9985 (April 23, 2012), his argument that he is innocent of the enhancement because one of his predicate convictions was misclassified does not require reversal. He asserts, however, that *McKay* was wrongly decided, and he only needs to show that he is innocent of the enhanced penalty rather than factually innocent of the predicate offense.

In analyzing a district court's denial of a § 2255 motion, we review findings of fact for clear error and questions of law *de novo*. *McKay*, 657 F.3d at 1195. A

2

federal criminal defendant who fails to preserve a claim by objecting at trial or raising it on direct appeal is procedurally barred from raising the claim in a § 2255 motion, absent a showing of cause and prejudice or a fundamental miscarriage of justice. *Jones v. United States*, 153 F.3d 1305, 1307 (11th Cir. 1998). "Under the cause and prejudice exception, a § 2255 movant can avoid application of the procedural default bar by showing cause for not raising the claim of error on direct appeal *and* actual prejudice from the alleged error." *McKay*, 657 F.3d at 1196 (internal quotation marks and alterations omitted). A defendant may also show a fundamental miscarriage of justice to overcome the procedural bar by demonstrating "actual innocence." *Id.*

The actual-innocence exception has been applied in two distinct contexts: "first, in the face of a claim of actual innocence of the crime of conviction and, second, in the face of a claim of actual innocence of a sentence." *McKay*, 657 F.3d at 1196. The actual-innocence-of-a-sentence exception has been applied in capital cases and requires a movant to show "by clear and convincing evidence that, but for a constitutional error, no reasonable juror would have found him eligible for the death penalty under the applicable state law." *Id.* at 1196–97 (quotation and alteration omitted). We have not extended the actual-innocence-of-a-sentence exception beyond the capital sentencing context. *See id.* at 1197.

Assuming that the actual-innocence exception can apply to noncapital sentences, a movant must show that he is factually innocent of one of the prior convictions. *See id.* at 1197–98. In *McKay*, the movant argued that he was erroneously sentenced as a career offender under U.S.S.G. § 4B1.1 because one of his predicate convictions was no longer considered a "crime of violence." *Id.* at 1191, 1198. We held that the movant's claim was a claim of legal, rather than factual, innocence and did not fall within the purview of the actual-innocence exception. *Id.* at 1198–99. In doing so, we recognized the Supreme Court's instruction that the actual-innocence exception is "rare" and should only be applied in an "extraordinary case." *Id.* at 1198 (quotation omitted).

Rivers only alleges that he is legally innocent of the enhancement because battery on a law enforcement officer is no longer considered a crime of violence. He does not allege factual innocence—i.e. that he did not commit the predicate offense. Therefore, the actual-innocence exception does not apply and Rivers's claim is procedurally defaulted. *See id.* at 1197–99.[1]

**AFFIRMED.**

---

[1] Rivers also argues that his claim is cognizable in a § 2255 motion, even though with the guideline enhancement his actual sentence fell below the statutory maximum. In light of our decision that Rivers's claim is procedurally defaulted we need not address whether this claim is cognizable. *See McKay*, 657 F.3d at 1195.