[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No.  20-13413
Non-Argument Calendar

_____

D.C. Docket Nos. 1:19-cv-24983-UU; 1:07-cr-20584-UU-2

JOSE GONZALEZ,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(May 18, 2021)

Before WILSON, ROSENBAUM and JILL PRYOR, Circuit Judges.

PER CURIAM:

Jose Gonzalez appeals the district court's denial of his 28 U.S.C. § 2255

motion to vacate.  The government has responded by moving for summary

affirmance of the district court's order and for a stay of the briefing schedule, arguing that Gonzalez's motion is procedurally defaulted under this Court's decision in *Granda v. United States*, 990 F.3d 1272 (11th Cir. 2021), and that Gonzalez cannot overcome the procedural default. Alternatively, the government argues, Gonzalez's claim fails on the merits. We agree with the government and grant the motion for summary affirmance. We deny as moot the motion to stay the briefing schedule.

Gonzalez was involved in a reverse sting operation during which he and others conspired to commit an armed robbery of a cocaine stash house. A grand jury indicted Gonzalez on charges of conspiracy to possess with intent to distribute cocaine (Count 1), attempted possession with intent to distribute cocaine (Count 2), conspiracy to commit Hobbs Act robbery (Count 3), attempted Hobbs Act robbery (Count 4), carrying a firearm during and in relation to a crime of violence and a drug trafficking crime (Count 5), and possession of a firearm by a convicted felon (Count 6). For Count 5, which charged a violation of 18 U.S.C. § 924(c)(1)(A), the indictment listed as predicate offenses Counts 1 through 4. Gonzalez proceeded to a jury trial. The jury found him guilty of all counts. With respect to Count 5, the jury returned a general verdict finding Gonzalez guilty. The verdict form did not indicate which of the predicate offenses the jury relied upon.

2

After an unsuccessful direct appeal, where he did not challenge the validity of the predicate offenses supporting his Count 5 conviction, and an unsuccessful initial § 2255 motion, Gonzalez received authorization to file a second or successive § 2255 motion.  In this new § 2255 motion, Gonzalez argued that his Count 5 conviction may have rested on an invalid predicate offense because one of the predicates, conspiracy to commit Hobbs Act robbery, only qualified as a crime of violence under a portion of § 924(c) that the Supreme Court had declared unconstitutional, *see United States v. Davis*, 139 S. Ct. 2319 (2019),[1] and the jury's general verdict did not reveal whether a still-valid predicate offense supported the § 924(c) conviction.  The government opposed the motion, arguing that Gonzalez had procedurally defaulted his claim by failing to raise it on direct appeal, that Gonzalez could not overcome the default, and that alternatively Gonzalez's claim failed on the merits.  The district court rejected the government's procedural default argument but agreed on the merits and denied Gonzalez's motion.  This Court granted him a certificate of appealability on whether the district court erred.

Summary disposition is appropriate either where time is of the essence, such as "situations where important public policy issues are involved or those where rights delayed are rights denied," where "the position of one of the parties is

---

[1] We have held that conspiracy to commit Hobbs Act robbery does not qualify as a crime of violence under the definition that remains valid after *Davis*.  *See Brown v. United States*, 942 F.3d 1069, 1075–76 (11th Cir. 2019).

3

clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

When reviewing a district court's denial of a 28 U.S.C. § 2255 motion, we review questions of law *de novo* and factual findings for clear error. *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004). We review *de novo* whether procedural default precludes a § 2255 petitioner's claim, which is a mixed question of law and fact. *Granda*, 990 F.3d at 1286. We read a certificate of appealability to encompass procedural issues that must be resolved before we can reach the merits of the underlying claim. *McCoy v. United States*, 266 F.3d 1245, 1248 n. 2 (11th Cir. 2001). And we may affirm the judgment of the district court on any ground supported by the record, regardless of whether that ground was relied upon or even considered by the district court. *LeCroy v. United States*, 739 F.3d 1297, 1312 (11th Cir. 2014).

Section 2255 allows a person in federal custody to move a district court to set aside a sentence that "was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255. However, a § 2255 claim may be procedurally defaulted if the movant failed to raise the claim on direct appeal. *Jones v. United States*, 153 F.3d 1305, 1307 (11th Cir. 1998); *see also Lynn*, 365 F.3d at 1234 ("[A] defendant generally must advance an available challenge to a

criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a § 2255 proceeding.").  A movant can overcome this procedural bar by establishing either (1) cause for the default and actual prejudice from the alleged error, or (2) that he is actually innocent of the crimes for which he was convicted.  *Howard v. United States*, 374 F.3d 1068, 1072 (11th Cir. 2004).  Although "a claim that is so novel that its legal basis is not reasonably available to counsel may constitute cause for a procedural default . . . the question is not whether subsequent legal developments have made counsel's task easier, but whether at the time of the default the claim was available at all."  *McCoy v. United States*, 266 F.3d 1245, 1258 (11th Cir. 2001) (citations and internal quotation marks omitted).

In *Granda*, this Court held that a § 2255 petitioner's challenge under *Davis* was procedurally defaulted because he could not show cause or actual prejudice.  *Granda*, 990 F.3d at 1286–92.  Specifically, the Court determined that the petitioner could not show cause for failing to raise a vagueness challenge to § 924(c) on direct appeal in 2009 because the "the case law extant at the time . . . confirms that he did not then lack the building blocks of a due process vagueness challenge."  *Id.* at 1287 (internal quotation marks omitted).

As to prejudice, this Court held that actual prejudice "requires that the error worked to the petitioner's actual and substantial disadvantage, infecting his entire

5

trial with error of constitutional dimensions." *Id.* at 1288 (internal quotation marks and citations omitted). "The ultimate inquiry is: [d]id the intrusion affect the jury's deliberations and thereby its verdict?" *Id.* (internal quotation marks omitted). A petitioner "must show at least a substantial likelihood" that the jury actually relied on an invalid predicate." *Id.* (internal quotation marks and citation omitted). This Court held that Granda could not show actual prejudice because the jury's findings as to which of his multiple, qualifying convictions was a predicate for his § 924(o) conviction "rested on the same operative facts and the same set of events." *Id.* at 1289. Put differently, the "alternative predicate offenses [were] inextricably intertwined" and encompassed in a "tightly bound factual relationship," so Granda could not show actual prejudice. *Id.* at 1291; *see generally Parker v. United States*, 993 F.3d 1257 (11th Cir. 2021) (same).

Alternatively, the *Granda* panel explained, "[t]he inextricability of the alternative predicate crimes compels that conclusion that the error Granda complains about . . . was harmless." *Granda*, 990 F.3d at 1292. We explained that, because the harmless error inquiry only requires an examination of whether alternative, valid predicates grounded a defendant's § 924(c) conviction, a defendant cannot succeed on the merits of his challenge if there were other valid predicates that the jury could have relied on to support his conviction. *Id.* at 1292–93 (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993)); *see Foster v. United*

6

*States*, No. 19-14771, __ F.3d __, 2021 WL 1742267, *5–7 (11th Cir. May 4, 2021) (same).

Here, we affirm the district court's denial of Gonzalez's § 2255 motion for two reasons. First, despite the district court's finding to the contrary, the government is correct as a matter of law that his challenge is procedurally defaulted under *Granda*. 990 F.3d at 1286–92. Gonzalez cannot show cause for failing to bring a due process vagueness challenge on direct appeal because we have since concluded that the building blocks for such a challenge existed at the time of his direct appeal, and he had the tools to challenge § 924(c) as vague. *Id*.

Even if Gonzalez could show cause, under *Granda* he could not establish actual prejudice to overcome default because his valid and invalid predicate offenses were "inextricably intertwined" and encompassed in a "tightly bound factual relationship" that prevents him from showing a substantial likelihood that the jury actually relied on an invalid predicate. *Granda*, 990 F.3d at 1291. As we noted in our decision affirming Gonzalez's convictions, the factual circumstances that gave rise to Gonzalez's convictions arose out of one "sting" operation where Gonzalez possessed a handgun while conspiring and attempting to rob a drug stash house. *Gonzalez*, 322 F. App'x at 965–66. In reaching its verdict, the jury did not indicate which of the possible predicate offenses it relied on to find Gonzalez guilty of his § 924(c) conviction. Thus, Gonzalez could not show a substantial

7

likelihood that the jury actually relied on an invalid predicate. *Granda*, 990 F.3d at 1291.

Second, even if Gonzalez could overcome procedural default, his challenge fails on the merits under *Granda*. *Id.* at 1292. Gonzalez relies on the standard set out in *Stromberg v. California*, 283 U.S. 359 (1931), to support his challenge on the merits, but we concluded in *Granda* that the correct standard was set out in *Brecht*'s harmless error standard, which requires the court to conclude that the alleged error resulted in actual prejudice. 990 F.3d at 1292–93. Further, in *Granda* we rejected the argument that we must apply the categorical approach to a § 924(c) conviction to presume that that conviction rested on an invalid predicate. *Id.* at 1295–96. Because *Brecht*'s harmless error inquiry requires an examination of whether alternative, valid predicates grounded Gonzalez's conviction, Gonzalez cannot succeed on the merits of his challenges because there were three other valid predicates that the jury could have relied on to support his conviction. *Id.* at 1296.

Therefore, because the government's position is correct as a matter of law, we GRANT the motion for summary affirmance. *See Groendyke Transp., Inc.*, 406 F.2d at 1162. We DENY the accompanying motion to stay the briefing schedule as moot.