[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-13509
Non-Argument Calendar

_____

D.C. Docket Nos. 8:18-cv-00772-VMC-TGW,
8:15-cr-00177-VMC-TGW-1

LEVI STACKHOUSE,

Petitioner - Appellant,

versus

UNITED STATES OF AMERICA,

Respondent - Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(July 15, 2021)

Before JORDAN, GRANT, and ANDERSON, Circuit Judges.

PER CURIAM:

Levi Stackhouse, a federal prisoner represented by counsel on appeal, appeals the district court's denial of his *pro se* 28 U.S.C. § 2255 motion to vacate his sentence for being a felon in possession of a firearm. In his § 2255 motion, Stackhouse argued that he should not have received a sentencing enhancement under the Armed Career Criminal Act ("ACCA") because his prior convictions for New York manslaughter, Florida robbery, and two Florida controlled substance offenses were not valid ACCA predicate offenses. He also argued that he had received ineffective assistance of counsel because his counsel had failed to object to his ACCA enhancement. Later, in his reply before the district court, Stackhouse argued that one of his Florida drug convictions was not an ACCA predicate offense because the state court's written judgment stated that the conviction was for a third-degree felony offense. We granted a certificate of appealability ("COA") as to the following issues:

(1) Whether Stackhouse's Florida sale-of-cocaine conviction for conduct that occurred on April 22, 1987, qualifies as a "serious drug offense" under the ACCA.

(2) Whether counsel was ineffective for failing to object to Stackhouse's armed career criminal designation.

Stackhouse raises two arguments on appeal. First, he argues that, because state-court documents establish that at least one of his Florida drug offenses did not qualify as a "serious drug offense" under the ACCA, his sentence exceeds the

2

ten-year statutory maximum that would otherwise apply to his felon-in-possession conviction absent an ACCA enhancement. Second, he argues that his trial counsel was ineffective for not challenging the ACCA enhancement.

When reviewing a district court's denial of a § 2255 motion, we review questions of law *de novo* and factual findings for clear error. *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004). We review *de novo* whether a prior conviction is a "serious drug offense" within the meaning of the ACCA. *United States v. Robinson*, 583 F.3d 1292, 1294 (11th Cir. 2009). An ineffective assistance of counsel claim is a mixed question of law and fact that is subject to *de novo* review. *Caderno v. United States*, 256 F.3d 1213, 1216-17 (11th Cir. 2001). "*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

Under 28 U.S.C. § 2255, a prisoner in federal custody may file a motion to vacate, set aside, or correct his sentence on the basis that "the sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). There is a one-year statute of limitations for filing a § 2255 motion, which begins to run on the latest of four triggering dates, including, in relevant part, the date on which the judgment of conviction becomes final. *Id.* § 2255(f)(1).

A movant may not appeal the denial of his § 2255 motion "[u]nless a circuit justice or judge issues a [COA]." *Id.* § 2253(c)(1)(B). We are limited to reviewing the issues specified in the COA. *Spencer v. Sec'y, Dep't of Corr.*, 609 F.3d 1170, 1180 (11th Cir. 2010). However, we "construe the issue specification in light of the pleadings and other parts of the record." *Murray v. United States*, 145 F.3d 1249, 1251 (11th Cir. 1998). We have read a COA to encompass procedural issues that were unaddressed by the district court but must be resolved before reaching the merits of the issue specified in the COA. *McCoy v. United States*, 266 F.3d 1245, 1248 n.2 (11th Cir. 2001).

A § 2255 claim may be procedurally defaulted if the petitioner failed to raise the claim on direct appeal. *Jones v. United States*, 153 F.3d 1305, 1307 (11th Cir. 1998). A defendant can overcome this procedural bar by establishing either (1) cause and prejudice or (2) actual innocence. *Howard v. United States*, 374 F.3d 1068, 1072 (11th Cir. 2004). Constitutionally ineffective assistance of counsel can constitute cause for procedural default if the ineffective-assistance claim has merit. *Brown v. United States*, 720 F.3d 1316, 1333 (11th Cir. 2013). To succeed on an ineffective-assistance-of-counsel claim, a defendant has the burden of showing (1) that his counsel's performance was deficient; and (2) that the deficient performance caused him prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Procedural default is not a jurisdictional issue, but rather an affirmative

defense that is subject to waiver by the government. *Howard*, 374 F.3d at 1073; *see also United States v. Jordan*, 915 F.2d 622, 629 (11th Cir. 1990) ("[W]e need not decide whether it would be appropriate to require [the movant] to demonstrate cause and prejudice because the government did not assert in the district court that [his] failure to present his claim on direct appeal should bar consideration of the merits.").

In *Clisby v. Jones*, we directed district courts to resolve all claims for relief raised in a habeas petition, regardless of whether habeas relief is granted or denied. 960 F.2d 925, 935-36 (11th Cir. 1992) (*en banc*) (addressing 28 U.S.C. § 2254 petitions); *see also Rhode v. United States*, 583 F.3d 1289, 1291 (11th Cir. 2009) (applying *Clisby* to § 2255 motions). We stated that this rule was necessary because we were "disturbed by the growing number of cases in which we are forced to remand for consideration of issues the district court chose not to resolve." *Clisby*, 960 F.2d at 935-36. When a district court commits *Clisby* error, we "will vacate the district court's judgment without prejudice and remand the case for consideration of all remaining claims." *Id.* at 938; *Rhode*, 583 F.3d at 1291. However, "[a] habeas petitioner must present a claim in clear and simple language such that the district court may not misunderstand it." *Dupree v. Warden*, 715 F.3d 1295, 1299 (11th Cir. 2013). If we determine that the district court committed a *Clibsy* error, we will not address whether the underlying claim has any merit. *Id.*

5

"[I]n a post-conviction case, the district court must develop a record sufficient to facilitate our review of all issues pertinent to an application for a COA and, by extension, the ultimate merit of any issues for which a COA is granted." *Long v. United States*, 626 F.3d 1167, 1170 (11th Cir. 2010). We are a court of review and will not act as factfinders or substitute ourselves for the district court. *United States v. Fulford*, 662 F.3d 1174, 1181 (11th Cir. 2011). As such, where factual development is necessary to resolve legal questions, we will remand those factual issues for the district court to address in the first instance. *United States v. Noriega*, 676 F.3d 1252, 1263 (11th Cir. 2012).

Here, we construe the COA to encompass the procedural issue of whether Stackhouse properly raised the claims that are the subject of the COA, which he raised for the first time in his reply brief before the district court.[1] Although Stackhouse only raised these issues in his reply, he nonetheless brought to the district court's attention (in his first motion for reconsideration) that he was raising new claims, specifically asserting that the district court had committed *Clisby* error by failing to address them.

In light of this, as well as the fact that the new claims were raised within the one-year statute of limitations, we vacate and remand to the district court to

---

[1] He did raise an ineffective assistance of counsel claim in his § 2255 motion that the district court also failed to address.

6

determine whether Stackhouse's reply brief—together with his motion for reconsideration reiterating his new arguments—should be treated as a motion for leave to amend his § 2255 motion.[2]  Should the district court reach the merits of the first issue identified in the COA, which concerns whether one of the convictions used to enhance Stackhouse's sentence was for a second-degree felony or a third-degree felony under Florida law, that analysis will require factual determinations—which, as a court of review, we cannot make.  And in any event, under *Clisby*, it would be the district court's responsibility to address Stackhouse's new arguments in the first instance.

Furthermore, because the district court also failed to address whether Stackhouse's counsel rendered ineffective assistance in failing to challenge the ACCA enhancement, we likewise remand to the district court to address this issue.

**VACATED AND REMANDED.**

---

[2]    Although the government asserts that Stackhouse's new claims are not timely because they stem from different evidence and legal theories than his original claims, the government appears to be relying on the relation-back rule that applies when a movant is seeking to amend a § 2255 motion to include *untimely* claims.  Here, Stackhouse's reply was filed within one year from the date that his conviction became final, and his claims are therefore timely.

Additionally, while the government contends that the new claims are procedurally defaulted, it arguably has waived that affirmative defense.  The government never argued below that Stackhouse's ACCA challenges were procedurally defaulted, even though his initial arguments—like his new ones—were not raised at sentencing or on direct appeal.  In any event, we decline to address this issue in the first instance.