[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-10125

Non-Argument Calendar

_____

LUIS ENRIQUEZ LORENZO RODRIGUEZ,

Petitioner-Appellant,

*versus*

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:16-cv-22607-UU

_____

Before WILSON, LUCK, and LAGOA, Circuit Judges.

PER CURIAM:

Luis Lorenzo Rodriguez, a federal prisoner, appeals the district court's denial of his authorized successive 28 U.S.C. § 2255 motion to vacate. The district court granted a certificate of appealability ("COA") on two issues: "(1) whether [it] erred in applying the reasonable probability harmless error review standard to the error identified as a *Stromberg*[1] error in this case; and (2) whether [it] erred in determining the error was harmless." The government responds by moving for summary affirmance of the district court's order and for a stay of the briefing schedule, arguing that Rodriguez's motion is procedurally defaulted under this Court's decision in *Granda v. United States*, 990 F.3d 1272 (11th Cir. 2021), and that *Granda* otherwise forecloses his appeal on the merits.

Summary disposition is appropriate either where time is of the essence, such as "situations where important public policy issues are involved or those where rights delayed are rights denied," or where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

---

[1] *Stromberg v. California*, 283 U.S. 359 (1931).

21-10125                Opinion of the Court                3

When reviewing a district court's denial of a 28 U.S.C. § 2255 motion, we review questions of law *de novo* and factual findings for clear error. *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004). Similarly, we review *de novo* whether procedural default precludes a § 2255 movant's claim, which is a mixed question of law and fact. *Granda*, 990 F.3d at 1286.

While the scope of review in a § 2255 appeal is limited to issues specified in the COA, we will read the COA to encompass procedural issues that must be resolved before we can reach the merits of the underlying claim. *McCoy v. United States*, 266 F.3d 1245, 1248 n.2 (11th Cir. 2001). Subject to the preceding, we may affirm the judgment of the district court on any ground supported by the record, regardless of whether that ground was relied upon or even considered by the district court. *LeCroy v. United States*, 739 F.3d 1297, 1312 (11th Cir. 2014).

Section 2255 allows federal prisoners to obtain post-conviction relief and set aside prior convictions when a sentence "was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). However, a § 2255 claim may be procedurally defaulted if the petitioner failed to raise the claim on direct appeal. *Jones v. United States*, 153 F.3d 1305, 1307 (11th Cir. 1998); *see also Lynn*, 365 F.3d at 1234 ("[A] defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a § 2255 proceeding."). Procedural default is not jurisdictional, but rather is an affirmative defense. *See Howard v. United States*, 374

F.3d 1068, 1073 (11th Cir. 2004). Procedural default does not apply, however, to alleged errors that are jurisdictional. *United States v. Bane*, 948 F.3d 1290, 1294 (11th Cir. 2020).

A defendant can overcome this procedural bar by establishing either (1) cause for the default and actual prejudice from the alleged error, or (2) that he is actually innocent of the crimes for which he was convicted. *Id.* at 1072. Although "a claim that is so novel that its legal basis is not reasonably available to counsel may constitute cause for a procedural default," the main inquiry "is not whether subsequent legal developments have made counsel's task easier, but whether at the time of the default the claim was available at all." *McCoy*, 266 F.3d at 1258 (citations and quotation marks omitted); *see also Bousley v. United States*, 523 U.S. 614, 623 (1998) (holding that perceived futility does not constitute cause to excuse a procedural default).

"To prevail on a cause and prejudice theory, a petitioner must show actual prejudice. Actual prejudice means more than just the possibility of prejudice; it requires that the error worked to the petitioner's actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Granda*, 990 F.3d at 1288 (quotation marks omitted). The actual-prejudice standard is a more stringent standard than plain error. *Id.* The ultimate question is whether the intrusion affected the jury's deliberations and verdict. *Id.* To demonstrate that he suffered actual prejudice, a petitioner must show at least a substantial likelihood that the jury actually relied on an invalid predicate. *Id.* However, we

have noted that "a federal court may skip over the procedural default analysis if a claim would fail on the merits in any event." *Dallas v. Warden*, 964 F.3d 1285, 1307 (11th Cir. 2020), *cert. denied*, No. 20-7589 (U.S. Oct. 4, 2021).

Section 924(c) provides for a mandatory consecutive sentence for any defendant who uses or carries a firearm during a crime of violence or a drug-trafficking crime. 18 U.S.C. § 924(c)(1). Section 924(o) provides that "[a] person who conspires to commit an offense under subsection (c) shall be imprisoned for not more than 20 years." 18 U.S.C. § 924(o). For the purposes of § 924(c), a "crime of violence" means an offense that is a felony and:

> (A)   has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B)   that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

*Id.* § 924(c)(3)(A), (B). We have referred to § 924(c)(3)(A) as the "elements clause" and to § 924(c)(3)(B) as the "residual clause." *United States v. Davis*, 139 S. Ct. 2319, 2323, 2336 (2019). The Supreme Court held in *Davis* that § 924(c)(3)(B)'s residual clause was unconstitutionally vague. *Id.* We have held that a challenge that the § 924(c) counts of an indictment failed to charge an offense against the laws of the United States because the predicate offenses

were not crimes of violence was jurisdictional and thus not waived by the defendant pleading guilty. *United States v. St. Hubert*, 909 F.3d 335, 343–44 (11th Cir. 2018).

After *Davis*, we held that conspiracy to commit Hobbs Act robbery did not qualify as a crime of violence under the elements clause. *Brown v. United States*, 942 F.3d 1069, 1075–76 (11th Cir. 2019). But we have held that attempted Hobbs Act robbery qualifies as a crime of violence under § 924(c)'s elements clause. *St. Hubert*, 909 F.3d at 351. However, the Supreme Court recently granted *certiorari* in *United States v. Taylor* to consider whether attempted Hobbs Act robbery qualifies as a crime of violence under § 924(c)'s elements clause. *United States v. Taylor*, 141 S. Ct. 2882 (2021).

In *Granda*, we held that a § 2255 movant's challenge under *Davis* was procedurally defaulted and that he could not show cause, actual prejudice, or actual innocence to overcome the default. *Granda*, 990 F.3d at 1286–92. Specifically, we determined that the petitioner could not show cause for failing to raise a vagueness challenge to § 924(c) on direct appeal in 2009 because the law in existence at the time of his appeal confirmed that "he did not then lack the building blocks of a due process vagueness challenge" to the residual clause. *Id.* at 1287 (quotation marks omitted). Moreover, we reasoned that, because "[t]he tools existed to challenge myriad other portions of § 924(c) as vague[,] they existed to support a similar challenge to its residual clause." *Id.* at 1288.

Next, we reasoned that, even if Granda could show cause, he could not show actual prejudice to overcome procedural default, because the jury's findings as to which of his multiple, qualifying convictions was a predicate for his § 924(o) conviction rested on the same operative facts and set of events—a conspiracy and attempt to rob at gunpoint a tractor-trailer of cocaine. *Id.* at 1289. We concluded that the alternative predicate offenses were inextricably intertwined and encompassed in a "tightly bound factual relationship" that precluded him from showing actual prejudice. *Id.* at 1291. We further concluded that Granda also could not show actual innocence to overcome procedural default, as the inextricably intertwined nature of his valid drug-trafficking and crime-of-violence predicates with his invalid Hobbs-Act-conspiracy predicate, "[made] it impossible for Granda to show that his § 924(o) conviction was in fact based on the conspiracy-to-rob predicate." *Id.* at 1291–92.

In *Granda*, we also held that, notwithstanding procedural default, collateral relief for a *Davis* claim is proper only if the court has "grave doubt" about whether a trial error had "substantial and injurious effect or influence" in determining the verdict. *Id.* at 1292 (quoting *Davis v. Ayala*, 576 U.S. 257, 267–68 (2015)). We explained that a petitioner must show more than a reasonable possibility that the error was harmful, and we would grant relief "only if the error 'resulted in actual prejudice'" to the petitioner. *Id.* (quoting *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993)). Thus, it is not enough for a petitioner to show that the court may have

relied on the now-invalid residual clause; he must show a substantial likelihood that the court did rely only on that subsection. *Id.* at 1288.

Further, we rejected the argument that we must apply the categorical approach to a § 924(c) conviction to presume that conviction rested on an invalid predicate. *Id.* at 1295–96. We reasoned that the defendant's general verdict in *Granda* did not mandate application of the categorical approach because the *Brecht* harmless error standard only required it to determine whether, as a matter of law, there was "grave doubt about whether an instruction on an invalid predicate substantially influenced what the jury already found beyond a reasonable doubt." *Id.* at 1295. We explained that our holding that Granda did not suffer harm from the erroneous jury instruction was not inconsistent with our decision in *In re Gomez*, 830 F.3d 1225 (11th Cir. 2016), in which we authorized a movant to file a second or successive § 2255 motion alleging that his § 924(c) conviction was based on an invalid predicate because the jury could have found that he only "possessed" a firearm during his offense of Hobbs Act conspiracy where the general verdict did not reveal a finding that he was guilty of "conspiring to carry a firearm" during one, some, or all of his predicate offenses. *Id.* at 1296 (quoting *Gomez*, 830 F.3d at 1227–28). We noted that *Gomez* left open the possibility that the district court would apply *Brecht*'s harmless error inquiry to Gomez's challenge on the merits. *Id.* We concluded that, because *Brecht* only requires an examination of whether alternative, valid predicates grounded a defendant's

§ 924(c) conviction, a defendant cannot succeed on the merits of his challenge if there were other valid predicates that the jury could have relied on to support his conviction. *Id.* at 1296.

In *Parker*, we applied *Granda* to another § 2255 movant challenging his § 924(c) and (o) convictions under *Davis*. *Parker v. United States*, 993 F.3d 1257, 1262–65 (11th Cir. 2021). The defendant was convicted of eight counts, all of which stemmed from a conspiracy to rob a drug stash house of cocaine. *Id.* at 1259–61. We determined that the movant's challenges were procedurally defaulted because he did not argue during his original proceedings that his convictions under § 924(c) and (o) must be vacated because § 924(c)'s residual clause was unconstitutionally vague. *Id.* at 1262. We noted that "*Granda* held that a vagueness-based challenge to the § 924(c)(3)(B) residual clause was not sufficiently novel to establish cause, and the inextricability of [a petitioner's] valid and invalid predicate offenses would prevent him from showing prejudice." *Id.* at 1265.

In *Foster*, which involved Parker's codefendant, we relied on both *Granda* and *Parker* in affirming the denial of a *Davis*-based § 2255 motion challenging the movant's § 924(c) and (o) convictions. *Foster v. United States*, 996 F.3d 1100, 1107–10 (11th Cir. 2021), *petition for cert. filed*, No. 20-1732 (U.S. Sept. 29, 2021). We determined that the government had waived its procedural default argument by failing to raise it below. *Id.* at 1106–07. However, we held that the prisoner's *Davis* claim failed on the merits because the inclusion of an invalid predicate of conspiracy to commit Hobbs

Act robbery in his indictment and jury instructions was harmless, as it was inextricably intertwined with two qualifying drug-trafficking predicate offenses. *Id.* at 1107–10.

Our prior panel precedent rule mandates that "a prior panel's holding is binding on all subsequent panels unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or by this court sitting *en banc*." *United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008). There is no exception to the rule based upon an "overlooked reason" or "perceived defect in the prior panel's reasoning or analysis as it relates to the law in existence at that time." *Smith v. GTE Corp.*, 236 F.3d 1292, 1303 (11th Cir. 2001) (quotation marks omitted); *see also United States v. Lee*, 886 F.3d 1161, 1163 n.3 (11th Cir. 2018) ("It does not matter whether a prior case was wrongly decided; whether it failed to consider certain critical issues or arguments; or whether it lacked adequate legal analysis to support its conclusions." (citations omitted)). A grant of *certiorari* does not change circuit law or free us from following the prior panel precedent rule. *See Gissendaner v. Ga. Dep't of Corr.*, 779 F.3d 1275, 1284 (11th Cir. 2015) ("Until the Supreme Court issues a decision that actually changes the law, we are duty-bound to apply this Court's precedent . . . ."); *Ritter v. Thigpen*, 828 F.2d 662, 665–66 (11th Cir. 1987) (stating that "a grant of *certiorari* does not constitute new law").

Here, the government is correct as a matter of law that Rodriguez's challenge is foreclosed by *Granda*, *Parker*, and *Foster*. First, to the extent that Rodriguez argues that our rulings in

*Granda*, *Parker*, and *Foster* were wrongly decided, his argument fails under our prior panel precedent rule. *Lee*, 886 F.3d at 1163 n.3; *Archer*, 531 F.3d at 1352. Similarly, Rodriguez's argument that attempted Hobbs Act robbery is not categorically a crime of violence is also precluded by binding precedent, as we held in *St. Hubert* that attempted Hobbs Act robbery qualifies as a crime of violence under § 924(c)'s elements clause. 909 F.3d at 351. And while the Supreme Court has granted *certiorari* to consider whether attempted Hobbs Act robbery qualifies as a crime of violence under § 924(c)'s elements clause, a grant of *certiorari* does not itself undermine binding precedent. *Ritter*, 828 F.2d at 665–66; *see also Archer*, 531 F.3d at 1352 (articulating this Court's prior panel precedent rule).

Next, despite the district court's finding to the contrary, the government is correct as a matter of law that his challenge is procedurally defaulted under *Granda* and *Parker*. *Groendyke Transp., Inc.*, 406 F.2d at 1162; *Granda*, 990 F.3d at 1286–92; *Parker*, 993 F.3d at 1265. Rodriguez did not raise on direct appeal an argument that § 924(c)(3)(B) was unconstitutionally vague. And he cannot show cause for failing to do so because we have since concluded that the building blocks to bring such a due process vagueness challenge existed at the time of his direct appeal, and he had the tools to challenge § 924(c) as vague. *Granda*, 990 F.3d at 1286–92; *Parker*, 993 F.3d at 1265. Indeed, Rodriguez's direct appeal in 2011 occurred after the petitioner's direct appeal in *Granda*.

Moreover, even if Rodriguez could show cause, he could not establish actual prejudice or actual innocence to overcome default because his valid and invalid predicate offenses were "inextricably intertwined" and encompassed in a "tightly bound factual relationship" that prevents him from showing a substantial likelihood that the jury actually relied on an invalid predicate. *Granda*, 990 F.3d at 1291. The factual circumstances that gave rise to Rodriguez's convictions arose out of a home-invasion robbery during which he conspired with three codefendants to rob a house of money and drugs. Like in *Granda* and *Parker*, the objects of the Hobbs Act conspiracy offense, the attempted Hobbs Act robbery offense, and the drug-trafficking offense were the drugs and drug proceeds that the defendants believed were in the house. *See Granda*, 990 F.3d at 1298; *Parker*, 993 F.3d at 1259–61. And Rodriguez had knowledge of the drug-trafficking objective of the robbery, as the defendants selected the Roche's house because they believed that it contained drug proceeds and drugs. In reaching its verdict, the jury did not indicate which of the possible predicate offenses it relied on to find Rodriguez guilty of Count 3. But because the object of the offenses was the same, the jury could not have found that Rodriguez possessed his firearm in furtherance of the robbery conspiracy without also finding at the same time that he possessed the firearm in furtherance of his conspiracy and attempt to obtain and distribute drugs and attempt the robbery itself. *Granda*, 990 F.3d at 1289. Thus, due to their inextricably intertwined nature, Rodriguez could not show a substantial likelihood that the jury actually relied on an invalid predicate. *Id.* at 1291.

Rodriguez argues that his constitutional challenge to his § 924(o) conviction cannot be procedurally defaulted because it is a jurisdictional challenge, citing our holding in *St. Hubert* that a challenge that the predicate offense for a § 924(c) conviction was not a "crime of violence" was a jurisdictional claim that was not waived by a guilty plea. *Bane*, 948 F.3d at 1294; *St. Hubert*, 909 F.3d at 343–44. Although we have not explicitly considered in a published opinion whether such a challenge to a § 924(c) conviction cannot be procedurally defaulted because it is jurisdictional, we have held in *Granda* and *Parker* that a claim like Rodriguez's can be procedurally defaulted. *Granda*, 990 F.3d at 1286–92; *Parker*, 993 F.3d at 1262. Pursuant to the prior panel precedent rule, *Granda* and *Parker* are binding until they are overruled or undermined to the point of abrogation, and there is no exception to the prior panel precedent rule based on law or arguments that those decisions may have overlooked. *Archer*, 531 F.3d at 1352; *Smith*, 236 F.3d at 1303; *Lee*, 886 F.3d at 1163 n.3.

Moreover, Rodriguez's challenge to his § 924(o) conviction fails on the merits under *Granda* and its progeny. *Granda*, 990 F.3d at 1292; *Parker*, 993 F.3d at 1265; *Foster*, 996 F.3d at 1107–10; *see Dallas*, 964 F.3d at 1307 (noting that "a federal court may skip over the procedural default analysis if a claim would fail on the merits in any event"). Rodriguez relies on the standard set out in *Stromberg* to support his challenge on the merits and acknowledges that *Stromberg* error is subject to *Brecht*'s harmless error standard, which requires him to show that the alleged error resulted in actual

prejudice. *Granda*, 990 F.3d at 1292; *Foster*, 996 F.3d at 1109. Because *Brecht*'s harmless error inquiry requires an examination of whether alternative, valid predicates grounded Rodriguez's conviction, he cannot succeed on the merits of his challenges, as there were other valid predicates that the jury could have relied on to support his conviction. *Granda*, 990 F.3d at 1296. Like in *Granda*, *Parker*, and *Foster*, which all involved materially similar facts, Rodriguez cannot prevail on the merits for the same reason that he cannot show actual prejudice—the jury could not have found that he possessed his firearm in furtherance of the conspiracy to steal drugs without also finding at the same time that he possessed the firearm in furtherance of his conspiracy and attempt to obtain and distribute drugs and attempt the robbery itself. *Granda*, 990 F.3d at 1289, 1293; *Parker*, 993 F.3d at 1265; *Foster*, 996 F.3d at 1107–09.

His argument that his case is distinguishable from *Granda* similarly fails due to the inextricably intertwined nature of his offenses. Although the jury was instructed that the government was required to prove that he violated § 924(c) during a single crime of violence or drug trafficking crime, rather than both, the jury could not have found him guilty of possessing the gun during the attempted Hobbs Act robbery without also finding him guilty of possessing it during the drug trafficking offense. Because Rodriguez's Hobbs Act conspiracy was inextricably intertwined with the other predicate offenses, the "record does not provoke grave doubt about whether [his] § 924(o) conviction rested on an invalid predicate." *Granda*, 990 F.3d at 1293. Further, we rejected Rodriguez's

argument that it must apply the categorical approach to a § 924(o) conviction to presume that that conviction rested on an invalid predicate. *Id.* at 1295–96. Therefore, even if Rodriguez could overcome procedural default, his merits challenge fails because he did not suffer harm due to the inextricably intertwined nature of his predicate offenses.

Accordingly, because the government's position is clearly correct as a matter of law, we GRANT its motion for summary affirmance and DENY as moot its accompanying motion to stay the briefing schedule. *See Groendyke Transp., Inc.*, 406 F.2d at 1162.