[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-14111
_____

D.C. Docket No. 1:09-cv-02253-VEH-HGD


WALLACE DEAN-MITCHELL,

Petitioner-Appellant,

versus

WARDEN CONSTANCE REESE,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(September 13, 2016)

Before JORDAN and JULIE CARNES, Circuit Judges, and ROBRENO,[*] District
Judge.

ROBRENO, District Judge:

---

[*] Honorable Eduardo C. Robreno, United States District Judge for the Eastern District of
Pennsylvania, sitting by designation.

Before the Court is an appeal by Wallace Dean-Mitchell of his 28 U.S.C. § 2241 habeas corpus petition, which was denied by the district court for the Northern District of Alabama. For the reasons set forth below, we will reverse the decision of the district court granting summary judgment in favor of the Warden and remand the case for proceedings consistent with this opinion.

I.

Dean-Mitchell, a District of Colombia Code offender, is currently serving a sentence of thirty-five years to life in a federal Bureau of Prisons ("BOP") facility. Because his offenses occurred in 1990, his sentence is subject to the District of Columbia Good-Time Credits Act of 1986, D.C. Code § 24-428, *et seq.* (1987), *repealed by* the Omnibus Criminal Justice Reform Amendment Act of 1994, D.C. Law 101-151. Under that statute, inmates receive statutory good-time credits that count toward their terms of imprisonment. D.C. Code § 24-428(b) (1987). Thus, good-time credits may reduce Dean-Mitchell's period of incarceration to less than thirty-five years.

While incarcerated, Dean-Mitchell has been the subject of a number of disciplinary actions, for which various sanctions have been imposed by a Disciplinary Hearing Officer ("DHO"). On November 5, 2009, Dean-Mitchell filed the instant § 2241 habeas petition challenging ten of those disciplinary actions, seeking to have his good-time credits restored and his disciplinary records

2

expunged.  On appeal, Dean-Mitchell challenges only one of the ten disciplinary actions.[1]

Specifically at issue in this appeal is Incident Report 1507668 (the "Incident Report"), in which Dean-Mitchell was charged with making a threat against another person and failing to obey an order on August 30, 2006.  As a result of the Incident Report, Dean-Mitchell was sanctioned twenty-seven days of good-time credits.

In his petition before the district court, Dean-Mitchell argued that, in violation of his due process rights, he did not receive adequate notice of the charges against him.  Specifically, he alleged that he did not receive a copy of the Incident Report prior to his disciplinary hearing and was denied a copy when he requested one.  Dean-Mitchell also contended that, in violation of his due process rights, he never received a copy of the DHO report, which would have outlined the DHO's factual findings and explained the basis for revoking the good-time credits. He further asserted that there was no copy of the DHO report in his file in August 2010 and that he was not provided a copy of it when he filed his administrative appeal.

---

[1] Dean-Mitchell was subject to these disciplinary actions over a period of about two years in four different BOP facilities. The other nine actions involved incidents such as refusing to obey orders, interfering with the duties of the staff, making threats, fighting, forging an official paper, and interfering with lock and security devices.

In her response to the petition, the Warden asserted that she did provide Dean-Mitchell with copies of the Incident Report and DHO report, which she also attached to the response. Accepting the recommendation of the magistrate judge, the district court re-characterized and converted the Warden's response into a motion for summary judgment. Dean-Mitchell responded to the now-converted motion for summary judgment, asserting again that he never received those documents and alleging, based on the format of the DHO report attached to the Warden's motion, that the report was generated after he filed his habeas petition.

The district court granted summary judgment in favor of the Warden on the first nine of Dean-Mitchell's claims. As to the tenth claim regarding Incident Report 1507668, the district court recognized that the loss of good-time credits implicated a protected liberty interest and initially ordered an evidentiary hearing to determine whether Dean-Mitchell received copies of the two reports and, thus, due process under *Wolff v. McDonnell*, 418 U.S. 539 (1974).

However, the district court later reversed its ruling regarding the necessity of an evidentiary hearing after receiving an additional declaration from the Warden. The declaration asserted that: (1) Dean-Mitchell filed administrative appeals regarding his discipline; (2) he "had to have a copy of the incident report and the [DHO] Report in order to file the appeals"; but (3) due to BOP document retention

4

policies, the original file no longer existed.  Dean-Mitchell denied that he submitted the reports when he filed his administrative appeal.

Based on this newly submitted evidence, the district court granted summary judgment as to Dean-Mitchell's final claim in favor of the Warden.  It concluded, incorrectly citing *Superintendent, Massachusetts Correctional Institution, Walpole v. Hill*, 472 U.S. 445 (1985), that the denial of the § 2241 petition was proper because there was now "some evidence" in the record that the disciplinary action taken against Dean-Mitchell comported with due process under *Wolff*.

On appeal, Dean-Mitchell argues that the district court erred by failing to hold an evidentiary hearing to determine whether he received the Incident Report or the DHO report and instead granting summary judgment on the basis that "some evidence" supported the fact that he did receive the reports.

## II.

### A.

When a district court converts a response to a § 2241 petition into a motion for summary judgment, it must generally give the petitioner notice and an opportunity to respond with additional evidence which may raise a genuine dispute as to a material fact.  *See Santiago-Lugo v. Warden*, 785 F.3d 467, 475 n.6 (11th

Cir. 2015).[2]  "Dismissal of a habeas corpus petition on summary judgment is reviewed de novo on appeal." *Madriz-Alvarado v. Ashcroft*, 383 F.3d 321, 327 (5th Cir. 2004); *Frye v. Lee*, 235 F.3d 897, 902 (4th Cir. 2000); *Sanders v. Freeman*, 221 F.3d 846, 851 (6th Cir. 2000); *Ortiz v. Stewart*, 149 F.3d 923, 930 (9th Cir. 1998); *see also Ramos-Barrientos v. Bland*, 661 F.3d 587, 594 (11th Cir. 2011) (providing in a FLSA case that "[w]e review a summary judgment de novo").

Summary judgment is appropriate when the moving party establishes that, based upon the evidence presented, "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  "[T]he requirement that a dispute be 'genuine' means simply that there must be more than some metaphysical doubt as to the material facts." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 261 (1986) (citations and internal quotation marks omitted).  The court views the record and draws all factual inferences in the light most favorable to the non-movant. *Carlson v. FedEx Ground Package Sys., Inc.*, 787 F.3d 1313, 1317 (11th Cir. 2015).  "If reasonable minds could differ on the inferences arising from undisputed facts, then a court should deny summary

---

[2] In that the district court converted the Warden's response into a motion for summary judgment and ruled on that motion, the Court will apply the standards and burdens of proof applicable to summary judgment motions rather than those typically utilized when reviewing the disposition of a §2241 habeas petition.

judgment." *Id.* at 1318 (quoting *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997)).

### B.

To state a cognizable claim for the denial of due process in connection with prison discipline, a prisoner must show a protected liberty interest of which he was deprived without minimum procedural protections. *Wolff*, 418 U.S. at 557-58. As the district court correctly recognized, Dean-Mitchell has a protected liberty interest in the statutory good-time credits that he has earned. *Id.*

In *Wolff*, the Supreme Court held that minimum due process protections in the context of a prison disciplinary hearing include the following: (1) advance written notice of the charges against the inmate (in this case, the Incident Report); (2) an opportunity for the inmate to call witnesses and present documentary evidence, so long as doing so is consistent with institutional safety and correctional goals; and (3) a written statement by the factfinder outlining the evidence relied on and the reasons for the disciplinary action (here, the DHO report). *Id.* at 563-67; *O'Bryant v. Finch*, 637 F.3d 1207, 1213 (11th Cir. 2011). At issue in this case are the first and third *Wolff* factors.

III.

A.

Before addressing the substantive issues, the Warden first suggests that the Court lacks subject matter jurisdiction over the action since neither the district court nor this Court issued Dean-Mitchell a Certificate of Appealability ("COA"). Title 28 U.S.C. § 2253(c)(1)(A) provides that without a COA, a petitioner may not appeal "the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court."

The Warden asserts that Dean-Mitchell's federal detention "arises out of a process issued by a State court" because his case originated in the District of Columbia. The Court need not delve into the issue of whether the District of Columbia is a "state" for the purposes of § 2253 because, in any event, the Court can construe Dean-Mitchell's notice of appeal as a request for a COA. Fed. R. App. P. 22(b)(2); 11th Cir. R. 22-1(b).

A court will grant a COA when the petitioner "demonstrates[s] that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, neither party disputes that the district court applied the incorrect standard to Dean-Mitchell's denial of due process claim and dismissed it because it found that "some evidence" supported the Warden's position. Under the circumstances, because we

8

find that Dean-Mitchell "has made a substantial showing of the denial of a constitutional right," we will grant Dean-Mitchell a COA.  28 U.S.C. § 2253(c)(2).

## B.

There is no dispute that under *Wolff*, due process required that Dean-Mitchell receive, inter alia, advance notice of the charges (such as the Incident Report) and the DHO report.  It is also clear that the district court erred in granting summary judgment as to Dean-Mitchell's tenth claim on the basis that the Warden had supplied "some evidence" that Dean-Mitchell had actually received the two reports.

It is apparent that the district court applied the "some evidence" language from *Hill*, 472 U.S. 445, in which the Supreme Court concluded that the factfinder's decision in a disciplinary proceeding must be "supported by some evidence in the record."  *Id.* at 454.  However, as both parties acknowledge, the holding in *Hill* is "irrelevant" "when the basis for attacking the judgment is not insufficiency of the evidence."  *Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (providing that *Hill* did not abrogate the due process requirements enunciated in *Wolff*, but merely held that in addition to those requirements, some evidence must support the decision to revoke good-time credits).  Dean-Mitchell does not challenge the sufficiency of the evidence supporting his discipline, nor does he contest that "some evidence" supported the DHO's decision.  Indeed, he admitted

to the DHO that the facts in the Incident Report were true. Dean-Mitchell asserts only that he was not afforded the due process required by *Wolff* in connection with the discipline.

The district court converted the Warden's response to the petition into a motion for summary judgment.[3] Thus, in order to grant the motion for summary judgment and dismiss Dean-Mitchell's claim, the district court had to conclude that there was no genuine dispute as to any material facts regarding his receipt of the Incident Report and DHO report. Fed. R. Civ. P. 56(a).

Dean-Mitchell asserts on appeal that there exist genuine disputes as to material facts concerning the due process he received, which required the district court to hold an evidentiary hearing. In support of this assertion, Dean-Mitchell points to his own signed declarations that: (1) he did not receive the Incident Report, even after requesting it; (2) he never received the DHO report and it was missing from his file in August 2010 when he looked for it; (3) prison officials noted in emails that the DHO report was missing from his files in 2007; (4) he did not attach either report to any of his administrative appeals; and (5) the DHO report submitted by the Warden in response to his petition was suspect because it

---

[3] This document was also the Warden's response to two orders to show cause why the relief requested by Dean-Mitchell should not be granted. Dean-Mitchell had moved BOP facilities several times after filing his petition which seems to have created confusion, causing the Warden to fail to timely file her response to the petition and necessitating the issuance of the orders to show cause.

did not look like the standard DHO report form. Dean-Mitchell also submits the 2007 email chain from the BOP staff indicating that the DHO report could not be found in his file.[4]

In support of her position that Dean-Mitchell received the reports, the Warden asserts that that the DHO report provides, directly above the DHO's signature, that "[a] copy of the report has been given to the inmate." Similarly, the Incident Report provides the handwritten date and time that it was allegedly delivered to Dean-Mitchell and the initials of the deliverer.[5]

There is conflicting evidence in the record regarding whether Dean-Mitchell received or did not receive the reports. The Warden said he did receive them, and Dean-Mitchell said he did not. Moreover, the documentation relied on by the Warden is inconclusive, as it does not provide a clear paper trail establishing Dean-Mitchell's receipt of the reports.

---

[4] While a hard copy was not found in his file, the emails indicate that an electronic version of the DHO report was eventually located twelve days later.

[5] The Warden also argues that even if Dean-Mitchell did not receive the Incident Report, he received otherwise adequate notice of the charges in that he received a copy of the "Notice of Discipline Hearing Before the (DHO)" (the "Hearing Notice"). The Warden acknowledges that the Hearing Notice does not contain the facts alleged in the Incident Report and identifies only the alleged violations ("Refusing an order of a staff member/Threating another with bodily harm") and the date of the offenses. The Court concludes that the Hearing Notice did not adequately inform Dean-Mitchell of the facts necessary to defend against the charges in that it provided no factual information regarding the incident. *See Sira v. Morton*, 380 F.3d 57, 70 (2d Cir. 2004) (providing that "due process requires more than a conclusory charge; an inmate must receive notice of at least some 'specific facts' underlying the accusation") (quoting *Taylor v. Rodriquez*, 38 F.3d 188, 193 (2nd Cir. 2001)).

11

First, while there is some indication on the reports themselves that they were delivered to Dean-Mitchell, there is also evidence that the DHO report was missing from his file in 2007 and again in 2010, casting doubt on whether regular protocols regarding the reports were followed.

Second, although the Warden asserted that the relevant regulation required Dean-Mitchell to have attached the Incident Report and DHO report to his administrative appeals, it is clear that 28 C.F.R § 541.19 (2007), applicable to administrative appeals at the time, required Dean-Mitchell to "forward a copy of the DHO report, *or, if not available at the time of filing, . . . [to] state in his appeal the date of the DHO hearing and the nature of the charges against the inmate."* (emphasis added). Under this regulation, a copy of the DHO report is not a necessary component of filing an administrative appeal. Thus, the Warden's declaration indicating that Dean-Mitchell must have attached the reports to his administrative appeals, which was relied upon by the district court to conclude that there was "some evidence" that Dean-Mitchell received the reports, was incorrect and cannot form the basis of the district court's decision.

Under the circumstances, given the presence of a genuine dispute as to a material fact, it was error for the district court to take sides in this battle of affidavits and to grant summary judgment in favor of the Warden.

12

IV.

For the reasons set forth above, the district court's decision granting summary judgment in favor of the Warden shall be reversed and the matter shall be returned to the district court for proceedings consistent with this opinion.

**REVERSED AND REMANDED.**