FILED
United States Court of Appeals
Tenth Circuit

December 20, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

MARK ALAN LANE,

      Petitioner - Appellant,

v.

CLAUDE MAYE, Warden,

      Respondent - Appellee.

No. 16-3283
(D.C. No. 5:16-CV-03094-JWL)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **McKAY**, and **MORITZ**, Circuit Judges.[**]

---

Petitioner-Appellant Mark Alan Lane, a federal inmate appearing pro se, appeals from the district court's dismissal of his habeas corpus petition. 28 U.S.C. § 2241; Lane v. Maye, No. 16-3094-JWL, 2016 WL 4430672 (D. Kan. Aug. 22, 2016). He also appeals from the district court's denial of his motion for reconsideration. We affirm.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

Mr. Lane is serving a 360-month sentence at USP-Leavenworth for drug-related crimes. 1 R. 6. On July 15, 2014, a prison staff member ordered Mr. Lane to leave the Special Housing Unit (SHU) and participate in a work assignment. Id. at 141. Mr. Lane refused to leave the SHU because he was "afraid for [his] life." Id. That same day, the staff member filed and provided Mr. Lane with an incident report charging him with violating Code 306: "[r]efusing to work, or refusing to accept a program assignment." Id. On July 18, Mr. Lane was advised of his rights, including the right to make a statement or to remain silent. Id. at 145, 147.

A hearing regarding this code violation was held on July 30. Mr. Lane alleges that a prison guard told him that he did not need to attend the hearing because his presence would not change the hearing's result. Id. at 10. In his verified petition, Mr. Lane alleges that he received an advice of rights, but was not taken to the hearing. Id. at 7, 10. However, the documentary evidence and a declaration from the discipline hearing officer (DHO) under penalty of perjury indicate that Mr. Lane was present, advised of his due process rights, and made a statement. Id. at 45–46, 150. The DHO found that Mr. Lane committed the violation and imposed a sanction of 14 days of disallowed good conduct time and 14 days impoundment of personal property. Id. at 46.

Habeas relief is available to a federal inmate under 28 U.S.C. § 2241 if he is "in custody in violation of the Constitution or laws or treaties of the United

States." 28 U.S.C. § 2241(c)(3). Earned good time credits cannot be withheld without minimal due process as required by the Fourteenth Amendment. Howard v. U.S. Bureau of Prisons, 487 F.3d 808, 811 (10th Cir. 2007). Section 2241 is available to restore good time credits taken without due process. Brown v. Smith, 828 F.2d 1493, 1495 (10th Cir. 1987). Our review of the dismissal of a § 2241 claim is de novo. Brace v. United States, 634 F.3d 1167, 1169 (10th Cir. 2011).

Mr. Lane first argues that the revocation of good time credit was not supported by "some evidence." Aplt. Br. 3; see Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445, 457 (1985). The DHO relied on Mr. Lane's own admission, the staff member's statement, and several prison documents that indicate Mr. Lane was not willing to leave the SHU to perform a work assignment. 1 R. 45; see id. at 150–51. The evidence is sufficient.

Mr. Lane also argues that he was deprived of due process because he was not present for the hearing. Aplt. Br. 3; see 28 C.F.R. § 541.8(e)(1). This genuine issue of fact was the district court's "main concern." Lane, 2016 WL 4430672, at *4. It granted Mr. Lane's motion to have the government produce video that would show whether Mr. Lane was in his cell at the time of the hearing. Id. at *7. The government responded that such video would have been deleted "long ago" as part of normal retention procedures. Id.

Recognizing that Mr. Lane had a right to be present, the district court nonetheless concluded that an evidentiary hearing was unnecessary because the

- 3 -

administrative record corroborated the government's contention that Mr. Lane was present and certainly contained "some evidence" of that fact. Id. at *5. It characterized Mr. Lane's statement as "self serving" and insufficient to overcome the deference paid to administrative records and prison officials. Id. In the alternative, the district court determined that even if Mr. Lane presented evidence that he was not taken out of his cell for the hearing, such error was harmless. Id. at *6.

The "some evidence" standard does not apply to due process challenges based upon the right to be present at the hearing. Edwards v. Balisok, 520 U.S. 641, 647–48 (1997); Dean-Mitchell v. Reese, 837 F.3d 1107, 1113 (11th Cir. 2016). At the same time, the purpose of the right to be present is to allow an inmate the opportunity to defend, including the right to call witnesses and present documentary evidence. Ponte v. Real, 471 U.S. 491, 494 (1985). See generally Wolff v. McDonnell, 418 U.S. 539, 566–67 (1974). We agree with the district court that in the circumstances of this case, harmless error applies. Mr. Lane has not described how any absence could have affected the outcome of the hearing — he has identified no witnesses or documentary evidence, let alone statements not already considered by the DHO, that he would have presented. Cf. Grossman v. Bruce, 447 F.3d 801, 805 (10th Cir. 2006) (explaining that harmless error applies to witness testimony); Jones v. Cross, 637 F.3d 841, 846–47 (7th Cir. 2011) (same). It is apparent that the DHO understood, and rejected, Mr. Lane's defense.

- 4 -

Mr. Lane also argues that the DHO violated 5 U.S.C. § 706, a provision in the Administrative Procedures Act (APA). Aplt. Br. at 3. But the APA does not apply to prison disciplinary procedures. <u>Anderson v. Fed. Bureau of Prisons</u>, 506 F. Supp. 2d 28, 29–30 (D.D.C. 2007).

AFFIRMED. We GRANT IFP status.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge