[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

————————————————

No. 21-10943

Non-Argument Calendar

————————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

ISMAEL CAMACHO,

Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:96-cr-00443-JEM-6

————————————————

_____

No. 21-11753

Non-Argument Calendar

_____

ISMAEL CAMACHO,

                                        Petitioner-Appellant,

*versus*

UNITED STATES OF AMERICA,

                                        Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:19-cv-24658-JEM

_____

Before ROSENBAUM, NEWSOM, and GRANT, Circuit Judges.

PER CURIAM:

Ismael Camacho, a federal prisoner, appeals the district court's partial denial of his authorized successive 28 U.S.C. § 2255

motion to vacate.  The district court granted a certificate of appeal-ability (COA) on the following issue:

> Whether a § 2255 movant raising a *Davis*[1] claim bears the burden to show that it is more likely than not that his [18 U.S.C.] § 924(c) conviction resulted solely from the application of § 924(c)'s unconstitutional residual clause and, if not, whether movant is entitled to relief on his *Davis* challenge to his § 924(c) conviction in Count XI.

Camacho argues that his § 924(c) conviction in Count 11 is unconstitutional because it is predicated on attempted Hobbs Act extortion, which is not a crime of violence post-*Davis*.  Despite that conviction also being predicated on carjacking, he contends that the invalid predicate is operative because the jury returned a general verdict and attempted Hobbs Act extortion is the least culpable offense.

Camacho also appeals his 535-month total imprisonment sentence imposed following the partial grant of his § 2255 motion and vacatur of two other § 924(c) convictions.  He asserts that the district court erred in refusing to apply the First Step Act of 2018 at resentencing.[2]  Because his previous sentence was vacated, he

---

[1] *United States v. Davis*, 139 S. Ct. 2319 (2019).

[2] Pub. L. No. 115-391, § 403(a), 132 Stat. 5194, 5221-22 ("First Step Act").

argues that the district court should have applied the Act at the time of his resentencing, which was after the Act's enactment.[3]

We subsequently granted Camacho's motion to permit supplemental briefing as to the impact of the Supreme Court's decision in *United States v. Taylor*, 142 S. Ct. 2015 (2022), on his remaining § 924(c) counts after he was resentenced. Camacho argues that his § 924(c) conviction in Count 8 that was predicated on attempted Hobbs Act robbery is invalid after *Taylor* and that his conviction on Count 8 thus should be vacated and his sentence on his remaining § 924(c) count in Count 8 should be reduced from 240 months imprisonment to 60 months.

## I

When reviewing a district court's denial of a 28 U.S.C. § 2255 motion, we review questions of law *de novo* and factual findings for clear error. *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004). Similarly, we review *de novo* whether procedural default precludes a § 2255 movant's claim, which is a mixed question of law and fact. *Granda v. United States*, 990 F.3d 1272, 1286 (11th Cir. 2021), *cert. denied* 142 S. Ct. 1233 (2022).

While the scope of review in a § 2255 appeal is limited to issues specified in the COA, we will read the COA to encompass

---

[3] Camacho moves to stay appellate briefings until we render our decision in *United States v. Beneby*, No. 19-13387, because it contemplates this same issue. Because we needn't resolve this issue regarding the Act to decide Camacho's appeal, his motion is **DENIED**.

procedural issues that must be resolved before we can reach the merits of the underlying claim. *McCoy v. United States*, 266 F.3d 1245, 1248 n.2 (11th Cir. 2001) (determining that we could consider the government's procedural arguments regarding McCoy's § 2255 motion even though they were not included in the COA). However, we have also held that we may skip procedural default issues if the claim would fail on the merits. *See Dallas v. Warden*, 964 F.3d 1285, 1307 (11th Cir. 2020), *cert. denied*, 142 S. Ct. 124 (2021). We may affirm for any reason supported by the record. *Castillo v. United States*, 816 F.3d 1300, 1303 (11th Cir. 2016).

Section 2255 allows federal prisoners to obtain post-conviction relief and set aside convictions when a sentence "was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a).

In relevant part, 18 U.S.C. § 924(c) provides:

> [A]ny person who, during and in relation to any crime of violence . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence . . . be sentenced to a term of imprisonment of not less than 5 years . . . .

18 U.S.C. § 924(c)(1)(A)(i). The statute defines "crime of violence" as an offense that is a felony and:

(A)    has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(B)    that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

*Id.* § 924(c)(3)(A)–(B).   The first clause is referred to as the "elements clause" and the latter, the "residual clause." *Davis*, 139 S. Ct. at 2324.   In *Davis*, the Supreme Court held that § 924(c)(3)(B)'s residual clause is unconstitutionally vague. *Id.* at 2324, 2336. *Davis* announced a new rule of constitutional law that was previously unavailable and made retroactive to cases on collateral review by the Supreme Court.   *In re Hammoud*, 931 F.3d 1032, 1037–39 (11th Cir. 2019); *see* 28 U.S.C. § 2255(h)(2).   The Supreme Court recently held that attempted Hobbs Act robbery is not a crime of violence under the elements clause. *Taylor*, 142 S. Ct. at 2020–21.   But carjacking is a crime of violence under the elements clause.   *In re Smith*, 829 F.3d 1276, 1280–81 (11th Cir. 2016).

On collateral review, the harmless-error standard mandates that collateral relief on a *Davis* claim is proper only if we have "grave doubt" about whether an error had a "substantial and injurious effect or influence" in determining the verdict. *Granda*, 990 F.3d at 1292.   In *Granda*, we explained that a petitioner must show more than a reasonable possibility that the error was harmful and that we would grant relief "only if the error 'resulted in actual prejudice'" to the movant. *Id.*   There, we reasoned that the record did

21-10943                Opinion of the Court                7

not provoke a grave doubt about whether Granda's § 924(o) conviction rested solely on the invalid predicate because it was inextricably intertwined with other valid predicate offenses. *Id.* at 1293. We explained that it was proper to look at the record to determine whether the defendant was actually prejudiced by the invalid predicate, in that it led to his conviction as opposed to the jury finding him guilty under a valid predicate. *Id.* at 1294. We held that "[t]he inextricability of the alternative predicate crimes compels the conclusion that" instructing the jury on a constitutionally invalid predicate as one of several potential alternative predicates was harmless. *Id.* at 1292.

A § 2255 claim may also, however, be procedurally defaulted if the movant failed to raise the claim on direct appeal. *Jones v. United States*, 153 F.3d 1305, 1307 (11th Cir. 1998). A movant can overcome this procedural bar by establishing either (1) cause for the default and actual prejudice from the alleged error or (2) actual innocence of the crimes for which he was convicted. *Howard v. United States*, 374 F.3d 1068, 1072 (11th Cir. 2004).

A movant may show cause for failing to raise a claim when, at the time of the default, the claim was "so novel" that the legal basis of the claim was not reasonably available to counsel—but not simply when "subsequent legal developments" made the claim easier to pursue. *McCoy*, 266 F.3d at 1258 (quotation marks omitted). In *Granda*, we reasoned that Granda did not lack the building blocks of a due process vagueness challenge to § 924(c)(3)(B)'s residual clause at the time of his appeal in 2009, thus the challenge

was not novel. *Granda*, 990 F.3d at 1287. To show actual innocence, the movant must demonstrate that it is more likely than not a reasonable juror would not have convicted him. *Bousley v. United States*, 523 U.S. 614, 623 (1998). In *Granda*, we reasoned that Granda could not make that showing because his Hobbs Act conspiracy charge was inextricably intertwined with valid predicate offenses. *Granda*, 990 F.3d at 1292.

Here, Camacho cannot show any error resulted in actual prejudice because attempted Hobbs Act extortion was inextricably intertwined with carjacking, which remained a valid predicate for Camacho's § 924(c) conviction in Count 11. The record shows that Camacho's carjacking charge arose out of the same conduct as his attempted Hobbs Act extortion charge, so no reasonable jury could have concluded that Camacho used a firearm in relation to the attempted extortion without also concluding that he used a firearm in relation to the carjacking. Accordingly, we affirm as to this issue.

## II

We review *de novo* a district court's interpretation of a statute. *United States v. Segarra*, 582 F.3d 1269, 1271 (11th Cir. 2009). When interpreting a statute, we give effect to its plain terms and, if the statute's language is clear, there is no need to go beyond it into legislative history. *United States v. Noel*, 893 F.3d 1294, 1297 (11th Cir. 2018). The district court is to apply the law in effect at the time it renders its decision unless there is statutory direction to the contrary. *Bradley v. School Bd. of City of Richmond*, 416 U.S. 696, 711 (1974).

Section 924(c) imposes a 5-year mandatory minimum sentence for the first time someone uses or carries a firearm during and in relation to a crime of violence. 18 U.S.C. § 924(c)(1)(A)(i). Prior to December 21, 2018, if a defendant was convicted of multiple violations of § 924(c) for the first time in a single prosecution, each § 924(c) conviction after the first carried a mandatory minimum consecutive 25-year sentence.[4] *Davis*, 139 S. Ct. at 2324 n.1. The First Step Act amended § 924(c) on December 21, 2018, to require a 25-year mandatory minimum sentence be imposed only for a violation of § 924(c) "that occurs after a prior conviction under [§ 924(c)] has become final," thus preventing a defendant from receiving 25-year minimum sentences for multiple violations of § 924(c) for the first time in a single prosecution. *See* First Step Act § 403(a).

Regarding its application to pending cases, § 403 states, "[t]his section, and the amendments made by this section, shall apply to any offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment." *Id.* § 403(b). About the section, the Supreme Court has stated, "Congress changed the law so that, going forward, only a second § 924(c) violation committed 'after a prior § 924(c) conviction has become final' will trigger the 25-year minimum." *Davis*, 139 S. Ct. at 2324 n.1.

---

[4] At the time of Camacho's convictions, the statute imposed 20-year consecutive sentences for multiple violations of § 924(c). 18 U.S.C. § 924(c)(1) (1996).

Under Federal Rule Criminal Procedure 52(a), any error that does not affect substantial rights is harmless and must be disregarded. Non-constitutional errors are harmless if, viewing the proceedings in their entirety, a court determines that the error did not affect the sentence or had but very slight effect. *United States v. Mathenia*, 409 F.3d 1289, 1292 (11th Cir. 2005). Accordingly, even if the district court committed an error at sentencing, remand is unnecessary where that error did not affect the sentence imposed. *Williams v. United States*, 503 U.S. 193, 203 (1992). An error does not affect the sentence imposed when the district court expressly states that it would have imposed the same sentence regardless of that error. *See United States v. Keene*, 470 F.3d 1347, 1348–49 (11th Cir. 2006).

Here, any error by the district court in concluding that § 403(a) did not apply at Camacho's resentencing was harmless. It is clear from the record, particularly the court's statements at resentencing that are amply supported by the record, that the court's ruling as to the applicability of § 403(a) did not affect the sentence. Accordingly, we affirm as to this issue.

## III

We review our appellate jurisdiction *de novo*. *United States v. Cody*, 998 F.3d 912, 914 (11th Cir. 2021), *cert. denied*, 142 S. Ct. 1419 (2022).

A federal prisoner who wishes to file a second or successive motion to vacate, set aside, or correct sentence is required to move

21-10943                Opinion of the Court                11

the court of appeals for an order authorizing the district court to consider such a motion. *See* 28 U.S.C. § 2255(h), *cross-referencing* 28 U.S.C. § 2244. A three-judge panel of the court of appeals may grant such authorization only if the proposed motion contains claims premised on either (1) "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense," or (2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(1), (2). "The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection." *Id.* § 2244(b)(3)(C); *see also Jordan v. Sec'y, Dep't of Corrs.*, 485 F.3d 1351, 1357–58 (11th Cir. 2007) (explaining that our determination that an applicant has made a *prima facie* showing that the statutory criteria have been met is simply a threshold determination). The district court lacks jurisdiction to hear a claim in a second or successive § 2255 motion unless we have authorized it. *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003). "[S]ubject matter jurisdiction cannot be waived or conferred on a court by consent of the parties." *Eagerton v. Valuations, Inc.*, 698 F.2d 1115, 1118 (11th Cir. 1983).

"Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from . . .

the final order in a proceeding under section 2255." 28 U.S.C. § 2253(c)(1)(B). A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). "[I]n an appeal brought by an unsuccessful habeas petitioner, appellate review is limited to the issues specified in the COA." *Murray v. United States*, 145 F.3d 1249, 1251 (11th Cir. 1998). We may construe an appellant's notice of appeal as a request for a COA. *See Dean-Mitchell v. Reese*, 837 F.3d 1107, 1112 (11th Cir. 2016) (citing Fed. R. App. P. 22(b)(2) and 11th Cir. R. 22-1(b)). We also may expand a COA *sua sponte* for exceptional circumstances. *Dell v. United States*, 710 F.3d 1267, 1272 (11th Cir. 2013) (collecting cases).

"The certificate-of-appealability requirement applies not only to an appeal from the final order in a proceeding under section 2255 but also to an appeal from an amended criminal judgment, to the extent it raises section 2255 issues." *Cody*, 998 F.3d at 915. "For example, even in an appeal from a new sentence, to the extent a prisoner appeals the denial of his section 2255 motion as to his conviction, those claims are part of his section 2255 proceedings and we may not consider them without a certificate of appealability." *Id.* (alterations adopted). "By contrast, direct appeal matters that arise after the proceeding under section 2255—for example, an argument that the district court misapplied the sentencing guidelines at a prisoner's resentencing—do not require a certificate of appealability." *Id.* (alterations adopted).

In *St. Hubert*, we held that attempted Hobbs Act robbery qualified as a crime of violence under § 924(c)(3)(A)'s elements clause. *United States v. St. Hubert*, 909 F.3d 335, 347 (11th Cir. 2018), *overruled in part by Davis*, 132 S. Ct. at 2336, and *Taylor*, 142 S. Ct. at 2019–21. But, in *Taylor*, the Supreme Court held that attempted Hobbs Act robbery does not qualify as a crime of violence under § 924(c)(3)(A)'s elements clause. *Taylor*, 142 S. Ct. at 2019–21 (quotation marks and brackets omitted).

Here, we *sua sponte* expand the COA to include Camacho's challenge that Count 8 is invalid in light of *Taylor*. However, we do not have jurisdiction to hear Camacho's challenge to Count 8 because we explicitly considered and denied Camacho's request for leave to bring a *Davis* claim challenging Count 8 in our order granting in part his application to file a second or successive § 2255 motion. Accordingly, we dismiss the claim he raised in his supplemental brief for lack of jurisdiction.[5]

**AFFIRMED IN PART AND DISMISSED IN PART.**

---

[5] Nothing in our decision today, of course, precludes Camacho from seeking permission to file yet another successive § 2255 motion challenging Count 8 on *Taylor* grounds.