[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-12387

Non-Argument Calendar

_____

NEW SOUTH COMMUNICATIONS, INC.,
d.b.a. Florida Keys Media, LLC,

                                                            Plaintiff,

ROBERT HOLLADAY,
FLORIDA KEYS MEDIA, LLC,

                                                            Plaintiffs-Appellants,

versus

HOUSTON CASUALTY COMPANY,

                                                            Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 4:18-cv-10110-JLK

————————————

Before ROSENBAUM, LAGOA, and BRASHER, Circuit Judges.

PER CURIAM:

This case arises from a commercial property insurance claim for damage sustained from Hurricane Irma to properties owned by Appellants Robert Holladay and Florida Keys Media, LLC ("Insureds"), and insured by Houston Casualty Company ("Houston"). In a prior appeal, we determined that Insureds materially breached the insurance contact by failing to submit a sworn proof of loss. *See New S. Commc'ns, Inc. v. Houston Cas. Co.*, 835 F. App'x 405, 412–13 (11th Cir. 2020). But we remanded for the district court to consider, in accordance with Florida law, whether that breach prejudiced Houston. On remand, the district court determined as a matter of law that Houston suffered prejudice and granted summary judgment against Insureds. We hold that a genuine dispute of fact remains as to prejudice, so we vacate and remand for further proceedings.

## I.

Briefly stated, the relevant, and largely undisputed, facts are as follows. Soon after Hurricane Irma passed through the Florida Keys in September 2017, Houston received notice of a commercial property insurance claim at two office buildings that it insured in

Sugarloaf Key and Tavernier.  Houston retained an independent adjustment firm to investigate the claim.  A preliminary report sent to Houston in January 2018 included printouts from the county tax assessor's office that identified Holladay as the owner of the Sugarloaf property and Florida Keys Media as the owner of the Tavernier property.

Based on a supplemental March 2018 report, Houston issued a partial denial and determined that the cash value of the covered loss, minus the deductible, resulted in an adjusted amount of $52,217.14.  That money was never paid out, though, because no named insured under the policy ever submitted a sworn proof of loss, as the terms of the policy required.  *See New South*, 835 F. App'x at 407, 411.

These events led to this breach-of-contract suit against Houston.  Initially, the sole plaintiff was New South Communications, Inc., a named insured that had submitted the insurance claim for the two buildings.  But "[d]uring discovery, corporate-disclosure statements revealed that other named insureds on the New South policy with Houston—Florida Keys Media and Robert Holladay, individually—owned the two buildings listed in the claim."  *Id.* at 407. So the complaint was amended to add Florida Keys Media and Holladay as plaintiffs.

The district court granted summary judgment for Houston and dismissed the case with prejudice.  On appeal, we agreed with the court that New South lacked standing to sue because it had no insurable interest in the property.  *Id.* at 410–11.  But contrary to

the court's ruling, we held that Florida Keys Media and Holladay had standing and were "real parties in interest to this breach-of-contract suit," because they were "named insureds" and "the owners" of the insured properties. *Id.* at 410. We rejected Houston's argument that Florida Keys Media and Holladay could not recover on the insurance claim submitted by New South, finding it contrary to the plain terms of the policy. *See id.*

We then "consider[ed] whether Florida Keys and Holladay forfeited any potential insurance coverage by failing to comply with their post-loss obligation, or condition precedent, to file a proof of loss with Houston." *Id.* at 411. Applying the framework outlined in *American Integrity Insurance Co. v. Estrada*, 276 So. 3d 905 (Fla. Dist. Ct. App. 2019), which we said would govern if this case had been filed in state court, we explained that "a total forfeiture of coverage because of a failure to comply with post-loss obligations occurs only when the insured's breach is both material and prejudicial to the insurer." 835 F. App'x at 412 & n.6. We concluded that the Insureds materially breached the policy's proof-of-loss condition by failing to provide a sworn proof of loss, which was a condition precedent to suit. *Id.* at 412–13. But we remanded for the district court to consider *Estrada*'s prejudice inquiry in the first instance, since that decision was issued after the court granted summary judgment.[1] *Id.* at 413.

---

[1] We rejected the Insureds' arguments for recovery in excess of $52,217.14, stating that, "should the Insureds demonstrate on remand that Houston was

On remand, Insureds moved for summary judgment with supporting evidence, and Houston responded in opposition. After a hearing, the district court denied the Insureds' motion and entered judgment for Houston. In the court's view, Insureds failed to rebut the presumption of prejudice caused by their material breach. The court reasoned that, without a sworn proof of loss, Houston risked "paying the wrong party," which was "among the types of prejudice the Proof of Loss requirement in the Policy was intended to avoid." This appeal followed.

## II.

We review *de novo* a district court's order granting summary judgment, construing the evidence and drawing all reasonable inferences in favor of the nonmovants—here, Insureds.[2] *Westchester Gen. Hosp., Inc. v. Evanston Ins. Co.*, 48 F.4th 1298, 1301–02 (11th Cir. 2022). Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of fact exists, and summary judgment should be denied, "[i]f reasonable minds could differ on the inferences arising

---

not prejudiced by their failure to file proof of loss, the Insureds' recovery for property damage is limited to $52,217.14." *New S. Commc'ns, Inc. v. Houston Cas. Co.*, 835 F. App'x 405, 412–13 (11th Cir. 2020).

[2] The district court effectively granted summary judgment to Houston on its own motion, making the Insureds "nonmovants" for purposes of our review.

from undisputed facts." *Dean-Mitchell v. Reese*, 837 F.3d 1107, 1111 (11th Cir. 2016).

## III.

This case is about a policy provision that requires insureds to submit a "proof of loss" with certain information to the insurer as a condition precedent to suing the insurer. *See New South*, 835 F. App'x at 411. Such provisions "enable the insurer to evaluate its rights and liabilities, to afford it an opportunity to make a timely investigation, and to prevent fraud and imposition upon it." *Laster v. U.S. Fid. & Guar. Co.*, 293 So. 2d 83, 84 (Fla. Dist. Ct. App. 1974) (describing notice and proof-of-loss provisions).

Nevertheless, "Florida law abhors forfeiture of insurance coverage."[3] *Estrada*, 276 So. 3d at 914. So "policy provisions that tend to limit or avoid liability are interpreted liberally in favor of the insured." *Id.* (cleaned up). As a result, *Estrada* concluded, a total forfeiture of coverage because of a failure to comply with post-loss obligations occurs only when the insured's breach is both material and prejudicial to the insurer. *Id.*; *see New South*, 935 F. App'x at 412.

In the prior appeal, we concluded that the Insureds materially breached a condition precedent by failing to submit a signed

---

[3] "Since our jurisdiction is grounded in diversity, we apply Florida's substantive law." *See Westchester Gen. Hosp., Inc. v. Evanston Ins. Co.*, 48 F.4th 1298, 1302 (11th Cir. 2022).

and sworn proof of loss to Houston. So the only issue is whether Houston has been prejudiced, which is generally a "question of fact." *Arguello v People's Tr. Ins. Co.*, 315 So. 3d 35, 41–42 (Fla. Dist. Ct. App. 2021).

When an insurer establishes that an "insured has failed to substantially comply with a contractually mandated post-loss obligation, prejudice to the insurer from the insured's material breach is presumed, and the burden then shifts to the insured to show that any breach of post-loss obligations did not prejudice the insurer." *Estrada*, 276 So. 3d at 916. The insured's burden is consistent with a nonmovant's burden in response to a "motion for summary judgment when the movant has met the initial burden of demonstrating the nonexistence of any genuine issue of material fact." *See Kramer v. State Farm Fla. Ins. Co.*, 95 So. 3d 303, 306–07 (Fla. Dist. Ct. App. 2012). In other words, the insured bears the burden of establishing a genuine issue of material fact as to prejudice.

Viewing the evidence in the light most favorable to Insureds, a reasonable factfinder could conclude that the material breach of the proof-of-loss provision did not prejudice Houston. *See Estrada*, 276 So. 3d at 916. The evidence shows that the lack of a signed proof of loss did not affect Houston's investigation of the claim or its determination of covered damages. *See Laster*, 293 So. 2d at 84. In fact, Houston determined that the two properties at issue suffered $52,217.14 in covered damages, and it was willing to pay that amount to the proper entity.

Nevertheless, Houston maintains that it should be absolved from paying these covered damages because it was "well within its rights to confirm that the entity seeking payment for the Claim had an insurable interest in the Property." It notes that Florida law requires named insureds to have an insurable interest to enforce an insurance contract, see Fla. Stat. § 627.405, and that the initial plaintiff, New South, lacked such an insurable interest. The district court agreed that the "risk of paying the wrong party" qualified as prejudice to the insurer.

We are not persuaded that such a risk was prejudicial as a matter of law in this case. For starters, Insureds' ownership of the properties was not new information to Houston. The record shows that Houston received ownership information relating to the two properties in January 2018, before it made its final coverage decisions. Specifically, a preliminary report prepared for Houston included printouts from the website of the county tax assessor's office that identified the owners of the Sugarloaf and Tavernier properties as Holladay and Florida Keys Media, respectively. Houston points out that the tax assessor did not "guarantee" the accuracy of the information for purposes other than "ad valorem tax purposes," but Houston fails to explain why it would view this tax information as unreliable.

Moreover, it appears to be undisputed that the tax records were accurate and that Florida Keys Media and Holladay owned the properties. See New South, 835 F. App'x at 410. So as we said in the prior appeal, they had insurable interests and, as named

insureds and plaintiffs, could seek recovery for damages to their properties in this breach-of-contract suit, even though the insurance claim was submitted by New South only. *See id.* Although New South lacked an insurable interest, any real risk of paying the wrong party has dissipated.

Houston repeats that it "was nonetheless entitled to receive confirmation from Plaintiffs of their ownership interests on the date of loss." True enough, and for that reason we held that the insureds materially breached the contract. *See New South*, 835 F. App'x at 412–13. But "a total forfeiture of coverage because of a failure to comply with post-loss obligations occurs only when the insured's breach is both material *and prejudicial to the insurer.*" *Id.* at 412 (emphasis added). And here, for the reasons explained above, reasonable minds could differ on whether the breach was prejudicial to Houston. *See Dean-Mitchell*, 837 F.3d at 1111.

Accordingly, we vacate the district court's grant of summary judgment for Houston and remand for further proceedings consistent with this opinion.

**VACATED AND REMANDED.**